UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHRISTINE PORTER,

        Plaintiff,

v.

LPL FINANCIAL, LLC, et al.,

        Defendants.

Case No.: 18-50592

HONORABLE VICTORIA A. ROBERTS

_____/

### ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION (Doc. 9)

Christina Porter ("Porter") brought claims against Defendants LPL Financial, LLC ("LPL"), Charles Cheng Zhang ("Zhang"), Lynn Ling Chen-Zhang, and Zhang Financial LLC. She alleges that Zhang made recommendations and/or transactions in her marital trust account that caused her losses. The Financial Industry Regulatory Authority arbitrated and denied Porter's claims.

On April 17, 2018, Porter filed a Motion to Vacate an Arbitration Award, claiming that the arbitrator showed partiality towards defense counsel. She requests a new hearing with a different arbitrator. The Court ordered Porter to show cause that the Court has subject matter jurisdiction over her motion, via federal question jurisdiction under 28 U.S.C. § 1331, or diversity jurisdiction under 28 U.S.C. § 1332.

Porter timely responded to the show cause order, alleging that the Court has diversity jurisdiction because "Mr. Charles Cheng Zhang is incorporated by the State of Michigan which (sic) he has his principal place of business." (Doc. #3, Pg. 3). However, Porter failed to establish that complete diversity existed; she did not allege her

citizenship, or the citizenship of the other Defendants. Accordingly, the Court held that she failed to establish subject matter jurisdiction, and dismissed her complaint with prejudice. (Doc. #8).

Porter filed a motion for reconsideration. (Doc. #9). For the reasons that follow, that motion is DENIED.

I. Legal Standard

Local Rule 7.1(h)(3) provides the Court's standard of review on a motion for reconsideration:

> "Generally, and without restricting the court's discretion, the court will not grant motions for ... reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the court and the parties and other persons entitled to be heard on the motion have been misled but also show that correcting the defect will result in a different disposition of the case."

E.D. Mich. LR 7.1(h)(3). Palpable defects are those which are "obvious, clear, unmistakable, manifest or plain." *Mich. Dep't of Treasury v. Michalec*, 181 F. Supp. 2d 731, 734 (E.D. Mich. 2002). "It is an exception to the norm for the Court to grant a motion for reconsideration." *Maiberger v. City of Livonia*, 724 F. Supp. 2d 759, 780 (E.D. Mich. 2010). "[A]bsent a significant error that changes the outcome of a ruling on a motion, the Court will not provide a party with an opportunity to relitigate issues already decided." *Id.*

II. Analysis

In her motion for reconsideration, Porter argues that there is diversity of citizenship because the "Marital Trust" is a citizen of Michigan, and that she is a resident of Arizona. However, Porter must allege her citizenship, not merely her residency. *See Walker v. Iverson*, 509 Fed. Appx. 394, 395-96, n.1 (6th Cir. 2012) ("It has been many times decided that an averment that one is a resident of a particular state is not equivalent to an averment that he is a citizen of that state.") (citation omitted). To allege citizenship, Porter must establish her domicile. *See Deasy v. Louisville & Jefferson Cnty. Metro. Sewer Dist.*, 47 Fed. Appx. 726, 728 (6th Cir. 2002). "To acquire a domicile within a particular state, a person must be physically present in the state and must have either the intention to make his home there indefinitely or the absence of an intention to make his home elsewhere." *Id.*

Because Porter alleges residency, and not citizenship, she has not shown a palpable defect by which the Court has been misled. Further, she still fails to allege the citizenship of the other entities she is suing. Once again, she has failed to establish diversity jurisdiction, and the Court will not provide her an opportunity to relitigate this issue. Her motion for reconsideration is DENIED.

Porter asks that if this Court does not have jurisdiction, that it transfer her case to a court that does have jurisdiction. However, it is improper for her to put this burden on the Court; this Court has no way to know where jurisdiction might be proper. If Porter wishes to refile her case in another Court, she is free to try to do so.

**IT IS ORDERED**.

                                               S/ Victoria A. Roberts
                                               Victoria A. Roberts
                                               United States District Judge

Dated: June 18, 2018

> The undersigned certifies that a copy of this document was served on the attorneys of record and Christine Porter by electronic means or U.S. Mail on June 18, 2018.
>
> s/Linda Vertriest
> Deputy Clerk